<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE FREEMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN RACHEL THOMPSON,<br><br>Respondent. | Civil Action No. 25-1261 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Jermaine Freeman pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government responded to the petition. (ECF No. 6.) Petitioner did not file a timely reply. (ECF Docket Sheet.) For the following reasons, Petitioner's habeas petition is denied.

I.      **BACKGROUND**

Petitioner is a federal inmate currently housed in FCI Fort Dix. (ECF No. 6-1 at 1.) Petitioner's current detention arises out of a sentence that was entered on September 24, 2020. (*Id.* at 5.) Following his sentence, Petitioner was designated to serve his sentence at FCI Coleman, but did not arrive at that facility until February 24, 2021. (*Id.*) Prior to that time, Petitioner had been in the custody of the United States Marshals on the way to his designated facility. Prior to arrival at the designated facility, Petitioner stayed in an Ohio state facility between September 24 and December 29, 2020 and stayed at FCI Hazelton between December 29, 2020, and February 22, 2021. Petitioner also spent two days at a federal facility in Oklahoma while being prepared to go

to FCI Coleman. (*Id.*) Upon his arrival at FCI Coleman, the Bureau of Prisons ("BOP") conducted an assessment of Petitioner under the First Step Act, deemed him eligible, and assigned him relevant programming to complete in order to earn credits towards early supervised release. (*Id.* at 3-4.) Petitioner has thus earned credits since his arrival at FCI Coleman, and has now earned a considerable number of credits under the Act, including the maximum number of credits applicable to early supervised release. (*Id.*)

In his habeas petition, Petitioner asserts that he should have been deemed eligible to earn credits as soon as he was sentenced in September 2020, and should be permitted to earn credits between that date and his arrival at FCI Coleman that could be applied to early placement in prerelease custody. (*See* ECF No. 1.) Petitioner asserts, without documentary evidence or further context, that he should be eligible for such credits because he engaged in recreation three times a week during this period. (*Id.* at 8.) According to Petitioner, this is sufficient under the Act to warrant an award of credits. (*Id.*)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner argues that the BOP improperly prevented him from earning credits under the First Step Act for the period between his sentencing in September 2020 and his arrival at his original designated facility, FCI Coleman, on February 24, 2021. Petitioner essentially argues that the BOP has improperly redefined the Act so that a prisoner cannot earn credits until he arrives at his designated facility when the baseline for temporal eligibility under

the statute is the commencement of a prisoner's federal sentence. Petitioner's argument, however, is, at best, misplaced. Under the Act, the BOP was required to enact a system through which it provides inmates with individualized risk and needs assessments that would permit the BOP to determine the type and amount of recidivism reduction activities appropriate for each inmate. *See, e.g., Hare v. Ortiz*, No. 20-14093, 2021 WL 391280, at *7-8 (D.N.J. Feb. 4, 2021). A prisoner seeking to earn credits under the Act must thereafter complete the activities deemed appropriate by the BOP in his individualized needs assessment. *Id.* The credits available under the statute are an incentive for completing activities that the BOP determines through its assessment will address an individual prisoner's criminogenic needs and therefore reduce his risk of recidivism upon release. It necessarily follows, therefore, that the credits available under the statute cannot be earned until the prisoner receives his risk assessment and thereafter completes activities that the BOP determines will address that prisoner's needs. *Id.*; *see also* 18 U.S.C. § 3632(a) (requiring BOP to develop individual assessment system and to assign appropriate programs for eligible inmates); 18 U.S.C. § 3632(d) (providing the incentives for completing assigned programs, including FSA credits towards early supervised release); 24 C.F.R. § 523.42; *Sohl v. Warden, FCI Fort Dix*, No. 22-4295, 2023 WL 1794871, at *2-3 (D.N.J. Feb. 7, 2023).

Here, Petitioner did not receive his assessment and was not assigned applicable program needs until he arrived at FCI Coleman on February 24, 2021. He thus could not have earned credits prior to that time as he had not received the necessary assessment, nor had he been assigned programs he could complete in order to earn credits under the Act. Thus, Petitioner is incorrect in asserting that he was entitled to credits prior to his arrival at FCI Coleman. Although the commencement of a prisoner's sentence may be the absolute floor for earning credits, it is not the only prerequisite. Here, Petitioner did not complete the other prerequisites until his arrival at FCI

Coleman and, thus, was not eligible to earn credits under the Act before that point. His habeas petition must therefore fail.

Even putting aside this issue, however, it is clear that credits under the Act are only available for those who successfully participate "in evidence-based recidivism reduction programming" or recognized "productive activities." 18 U.S.C. § 3632. Petitioner has failed to provide any evidence that he successfully participated in such programs or activities prior to his arrival at FCI Coleman. Instead, Petitioner relies only on his own bald assertion that he "participated in recreation . . . at least three times per week." (ECF No. 1 at 8.) Petitioner neither provides documentary evidence to support this assertion, nor provides any dates or other concrete information that would allow this claim to be verified. The Government, in contrast, has provided documents that suggest that Petitioner did not complete any such programs or activities between September 2020 and February 2021. (*See* ECF No. 6-7.) Thus, the record does not support Petitioner's contention that he would otherwise be entitled to credits. Even if Petitioner were correct that he could earn credits by self-selecting programs or activities prior to his individualized assessment, he has failed to show that he did so and was thus entitled to credits under the Act. Petitioner's habeas petition is therefore without merit and must be denied for that reason as well.

Finally, the Court notes that Petitioner did not exhaust his claim through the BOP prior to filing his petition in this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the

dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, No. 21-7326, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

Petitioner in this matter did not file any administrative remedy or appeal prior to filing his habeas petition. (*See* ECF No. 6-1 at 2.) He thus did not exhaust his claims. Petitioner asserts that his lack of exhaustion should be excused because he is merely raising a statutory claim. This is inaccurate. Although Petitioner's habeas petition does make statutory arguments, his claim also depends upon his assertion that he completed requisite programs and activities prior to his arrival at FCI Coleman. This is a factual assertion for which a record could and should have been developed prior to filing a habeas petition in this matter. *See, e.g., Rosario v. Spaulding*, No. 21-1160, 2021 WL 3884343, at *3 (M.D. Pa. Aug. 31, 2021) (while exhaustion may be excused for cases solely raising statutory construction issues, this exception does not apply where a petitioner's request for relief also requires a factual determination as to completed programming and the amount of credits earned). As such, this Court finds no basis to excuse the exhaustion requirement in this matter, and Petitioner's habeas petition would be subject to dismissal for that reason as well.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED. An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**